

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-18-00149-CV

---

MICHAEL PETER MONTOYA, Appellant

V.

ESTATE OF SAMUEL BRANOFF, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2017-008007-1

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION AND JUDGMENT**

On March 29, 2019, we notified Appellant that this appeal was subject to dismissal because his brief had not been filed as the appellate rules require. *See* Tex. R. App. P. 38.6(a). We also notified Appellant that this appeal was subject to dismissal because a writ of possession has been executed on the property that is the subject of this appeal, likely rendering the appeal moot. *See Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) ("The only issue in a forcible detainer action is the right to actual possession of the premises."); *Wilson v. The Bluffs at Paradise Creek*, No. 02-14-00196-CV, 2015 WL 9598921, at *1 (Tex. App.—Fort Worth Dec. 31, 2015, pet. dism'd w.o.j.) (mem. op.) (dismissing appeal of forcible detainer judgment as moot after a writ of possession was executed and appellant failed to present a meritorious claim to current, actual possession of the property). We stated that we could dismiss the appeal for want of prosecution and want of jurisdiction unless, within ten days, Appellant filed with the court an appellant's brief and an accompanying motion reasonably explaining the brief's untimely filing and why an extension was needed. *See* Tex. R. App. P. 10.5(b), 38.8(a)(1), 42.3(b).

Appellant has filed a response, but it does not provide grounds for our jurisdiction to consider this appeal, and it does not attach an appellant's brief or an accompanying motion reasonably explaining the brief's untimely filing. To the extent

2

that Appellant requested a 45-day extension of time in his response, we deny his request.[1]

We therefore dismiss this appeal for want of prosecution and want of jurisdiction. *See* Tex. R. App. P. 38.8(a)(1), 42.3(b), 43.2(f); *Wilson*, 2015 WL 9598921, at *1; *Sark v. Fed. Home Loan Mortg. Corp.*, No. 2-05-00171-CV, 2005 WL 3436561, at *1 (Tex. App.—Fort Worth Dec. 15, 2005) (mem. op.), *cert. denied*, 549 U.S. 1039 (2006) ("Once a writ of possession has been executed removing the losing party from the premises, a forcible entry and detainer action becomes moot.").

Per Curiam

Delivered: May 2, 2019

---

[1]We note that Appellant has already been granted four extensions of time—allowing him an extra 127 days—to file his Appellant's brief.